UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL LEONARD PROWSE,**

    **Plaintiff,**

                                              **Case No. 1:07-cv-395**
**v.**                                           **Hon. Robert J. Jonker**

**UNITED STATES OF AMERICA,**
**et al.,**

    **Defendant.**

                                         /

**REPORT AND RECOMMENDATION**

On April 19, 2007, plaintiff filed a document entitled "Complaint" with the subtitle of "Incompetence by Federal Government Officials, Perjury, harassment and out right lies and request for order of relief" (docket no. 1). Plaintiff named as defendants the United States of America, the United States Parole Commission, the United States Bureau of Prisons, and Project Rehab. Project Rehab, now known as Proaction Behavioral Health Alliance ("Proaction"), contracts with the Federal Bureau of Prisons to provide CAP, a residential program that prepares inmates for reintegration into the community. This matter is now before the court on a motion to dismiss brought by defendant Proaction for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to 12(b)(6) (docket no. 11). The motion by Proaction is unopposed.

**I.      Background**

Plaintiff was sentenced on August 29, 1983, in case no. G83-32 CR (W.D. Mich.).[1] Plaintiff sets forth the following allegations in his complaint. He was "released from custody" of the Federal Bureau of Prisons and CAP (Community Alternatives Program) on Friday, March 2, 2007. Compl. at p. 1. Later that day, plaintiff was instructed to return to CAP "to sign Parole papers." *Id.* When plaintiff returned to CAP, he was told to say until the papers arrived. *Id.* He left the next morning, because no one from CAP presented the papers or explained the situation to him. *Id.* at p. 2. On "Tuesday" (presumably March 6, 2007), plaintiff was contacted by Eleanor Brown, "a regional supervisor in Kansas City" asking him to return to CAP "to do her a favor as they were in trouble for making a mistake." *Id.* He returned to CAP that evening. *Id.* Plaintiff states that he remained at CAP until April 17, 2007. *Id.*

The complaint includes allegations that are not directly related to his release from CAP, i.e., plaintiff contends: that he "was released from custody of the BOP to be placed under public law" on November 1, 2003; that he has "not been in legal custody" since November 1, 2003; that he is due 471 days of "extra earned good time;" that his sentence expires on July 18, 2008; and, that his good time should be applied to his remaining sentence. *Id.* at pp. 2-3. Plaintiff seeks the following relief from the court: "to intervene in this matter; " to make "the involved parties produce the authority" related to his custody from November 1, 2003 through March 2, 2007; and, to place him "in custody and or protection from this situation, until these and all other matters are decided." *Id.* at pp. 3-4.

---

[1] This information appears on an attachment to the declaration of La Tanya Robinson which is attached to the government's memorandum of law in support of a separate motion. *See* docket no. 28.

**II.     Discussion**

Although this suit was originally classified by the court as an "other civil rights" claim, plaintiff's suit is in actuality one for habeas relief pursuant to 28 U.S.C. § 2241, which authorizes federal district courts to grant writs of habeas corpus to prisoners "in custody." *See* 28 U.S.C. § 2241(c). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for a writ of habeas corpus under § 2241 is appropriate for claims challenging the execution of a federal prisoner's sentence or the manner in which a federal prisoner's sentence is served. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). Plaintiff does not contest the validity of his sentence, seek damages, or allege a violation of any federal civil right. Rather, he challenges the execution of his federal sentence by contesting the length of his confinement, his placement at CAP, and the federal government's administration of his parole. For these reasons, the clerk's office should re-classify this suit as one for habeas relief pursuant to § 2241, with plaintiff re-designated as the "petitioner" and defendants re-designated as the "respondents." The court will refer to the parties as "petitioner" and "respondent" for the remainder of this report and recommendation.[2]

When this suit is properly viewed as one seeking habeas relief, it becomes clear that petitioner has no claim against respondent Proaction. Thurman Walker, CAP's program director, states in his affidavit that petitioner was assigned to CAP on December 20, 2006, and remained

---

[2] On a related matter, the record reflects that petitioner was granted in forma pauperis status due to his inability to pay the civil filing fee of $350.00. Although petitioner may have the funds to pay the significantly smaller $5.00 filing fee for a habeas petition, the court finds no reason to vacate its previous order granting him leave to proceed in forma pauperis. *See* docket no. 5.

assigned to CAP from March 2, 2007 through May 3, 2007.  *See* Thurman Walker Affidavit at ¶¶ 6-12.  Mr. Walker further states that plaintiff was released from CAP when he signed a Certificate of Parole on May 3, 2007.  Thurman Walker Aff. at ¶¶ 13-15.  The Certificate of Parole states that plaintiff was to remain under parole supervision by the United States Probation Office through July 18, 2008.  *See* Certificate of Parole, attached to Thurman Walker Aff.  In a subsequent document he filed on August 14, 2007, entitled "petition for judgment by default and order for immediate release from custody," petitioner advised the court that he had been in federal custody at the Newaygo County Jail since June 12, 2007, pursuant to a United States Parole Commission warrant issued on May 24, 2007.  *See* docket no. 20.  More recently, the Federal Bureau of Prisons Inmate Locator establishes that petitioner is currently incarcerated at Milan FCI.  *See* Inmate Locator accessible at [www.bop.gov.](www.bop.gov.)

While petitioner was assigned to CAP when he filed this action, he is no longer at that facility.  Petitioner has no active controversy with Proaction that can be resolved by this court.  "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (citations omitted).   As the court explained in *Midwest Media Property, L.L.C. v. Symmes Township, Ohio*, 503 F.3d 456, 460 (6th Cir. 2007):

> While standing restricts a party's capacity to bring a lawsuit at the time the complaint is filed, mootness restricts a party's capacity to bring a lawsuit throughout the course of the litigation. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Mootness occurs "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491

4

(1969). Even when an action presents a live case or controversy at the time of filing, subsequent developments-including the passage of a new law or an amendment to the original law-may moot the case. *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).

*Midwest Media Property*, 503 F.3d at 460. *See, also, Smallwood v. Scibana,* Case No. 06-6249 (10th Cir. April 10, 2007). In the present case, petitioner's release from CAP is such a "subsequent development" as to render his claims against Proaction moot. Accordingly, Proaction should be dismissed as a respondent in this matter.

### III.     Recommendation

I respectfully recommend that this suit be reclassified as a habeas petition pursuant to 28 U.S.C. § 2241, with plaintiff re-designated as the "petitioner" and defendants re-designated as  the "respondents."

I further recommend that Proaction's motion to dismiss (docket no. 11) be **GRANTED**, and the petition be **DISMISSED** as to this respondent.


Dated:  January 10, 2008                         /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).