UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL LEONARD PROWSE,

        Petitioner,

v.

Case No. 1:07-cv-395
Hon. Robert J. Jonker

UNITED STATES OF AMERICA,
 *et al.*,

        Respondents.

_____/

**REPORT AND RECOMMENDATION**

Petitioner seeks relief pursuant to 28 U.S.C. § 2241.[1]  This matter is now before the court on respondents' "motion to dismiss complaint as moot" (docket no. 41).  The motion is unopposed.

    **I.**    **Background**

The court previously summarized petitioner's underlying claims in the report issued on January 10, 2008 as follows:

> Plaintiff was sentenced on August 29, 1983, in case no. G83-32 CR (W.D. Mich.).  Plaintiff sets forth the following allegations in his complaint.  He was "released from custody" of the Federal Bureau of Prisons and CAP (Community Alternatives Program) on Friday, March 2, 2007.  Compl. at p. 1.  Later that day, plaintiff was instructed to return to CAP "to sign Parole papers."  *Id.*  When plaintiff returned to CAP, he was told to stay until the papers arrived.  *Id.*  He left the next morning, because no one from CAP presented the papers or explained the situation to him.  *Id.* at p. 2.  On "Tuesday" (presumably March 6, 2007), plaintiff was contacted by Eleanor Brown, "a regional supervisor in Kansas City" asking him to return to CAP "to do her a favor as they were in trouble for making a mistake."  *Id.*

---

[1] Petitioner originally filed this action as a civil rights claim.  The court re-classified it as one seeking habeas relief pursuant to § 2241.

> He returned to CAP that evening. *Id.* Plaintiff states that he remained at CAP until April 17, 2007. *Id.*
>
> The complaint includes allegations that are not directly related to his release from CAP, i.e., plaintiff contends: that he "was released from custody of the BOP to be placed under public law" on November 1, 2003; that he has "not been in legal custody" since November 1, 2003; that he is due 471 days of "extra earned good time;" that his sentence expires on July 18, 2008; and, that his good time should be applied to his remaining sentence. *Id.* at pp. 2-3. Plaintiff seeks the following relief from the court: "to intervene in this matter; " to make "the involved parties produce the authority" related to his custody from November 1, 2003 through March 2, 2007; and, to place him "in custody and or protection from this situation, until these and all other matters are decided." *Id.* at pp. 3-4.

Report and Recommendation at 2 (docket no. 36) (footnote omitted).

**II.    Discussion**

The court views this motion as brought pursuant to Fed. Rules Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In this case, respondent has attacked the factual basis for jurisdiction. Specifically, respondent has advised the court that on April 3, 2008, petitioner's federal sentence expired with "good time" and he was released from federal custody. *See* Public Information Inmate Data (docket no. 42-2); Federal Bureau of Prisons Inmate Locator (www.bop.gov).

In order for this court to exercise jurisdiction over petitioner's § 2241 habeas claim, he must be in government custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). Once a habeas petitioner is no longer in custody, the court must determine "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or

controversy under Article III, § 2, of the Constitution." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The relevant inquiry for the court is whether petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration" that can be redressed by granting the habeas petition. *See id.* 7-8. Thus, "[a] habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding." *Leitao v. Reno*, 311 F.3d 453, 455-56 (1st Cir. 2002). *See, e.g., Spencer*, 523 U.S. at 7-8 (observing that the court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences").

Here, petitioner did not challenge the validity of his underlying conviction or identify any other collateral consequences arising from the execution of his federal sentence. Rather, petitioner challenged only the execution of his federal sentence, raising issues such as the length of his confinement, his placement at CAP, and the federal government's administration of his parole. Petitioner is no longer in federal custody and has failed to raise any collateral consequences that can be redressed by the habeas proceeding. Accordingly, the habeas petition should be denied as moot.

### III.    Recommendation

For these reasons, I respectfully recommend that defendant's motion to dismiss (docket no. 41) be **GRANTED**.

Dated:  December 29, 2008            /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).